Filed 10/16/15  P. v. Lopez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041291 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1352807) |
| v. | |
| OMAR LOPEZ, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Omar Lopez was found guilty of carrying a concealed, loaded firearm (Pen. Code, § 25400, subd. (a)(2))[1] and resisting a peace officer (§ 148, subd. (a)(1)).  The trial court suspended imposition of sentence and placed defendant on probation.  The trial court conditioned probation, in part, as follows:  "You shall not possess or consume alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale."  On appeal, defendant contends that this condition is unconstitutionally vague.  He asks this court to modify the condition to include the word "knowingly."  The Attorney General concedes that the condition requires modification.

In *People v. Rodriguez* (2013) 222 Cal.App.4th 578, the defendant challenged as unconstitutionally vague and overbroad a probation condition that she " '[n]ot use or

---

[1]     All further statutory references are to the Penal Code.

possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician . . . .'" (*Id.* at p. 592.) This court concluded that "a scienter element is reasonably implicit in this condition" with respect to controlled substances. (*Id.* at p. 593.) However, this court also recognized that the condition was not limited to substances regulated by statute, such as alcohol and intoxicants. (*Id.* at p. 594.) Thus, this court ordered that the condition be modified to add an express knowledge requirement to "eliminate any potential for vagueness or overbreadth in applying the condition." (*Ibid.*) We will do the same in this case.

The order of probation is modified so that the challenged condition reads. "You shall not knowingly possess or consume alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale." As so modified, the order is affirmed.

2

_____
Mihara, J.

I CONCUR:




_____
Bamattre-Manoukian, Acting P. J.

Grover, J., Concurring

I am able to concur in the judgment because there is no practical harm in adding an express knowledge element to the probation condition at issue here, and the Attorney General does not object to that modification. However, I write separately to express my view that such a modification is not *required* under the reasoning of *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*) because the term "intoxicants" which necessitated modification of the probation condition in that case is not present here. Specifically, *Rodriguez* pointed out that the generic category of "intoxicants" is susceptible of different interpretations and "may include common items such as adhesives, bath salts, mouthwash, and over-the-counter medicines." (*Id.* at p. 594.) As I do not believe the term "alcohol" is similarly susceptible, in my view the challenged condition requires no modification.

_____

Grover, J.